| | |
|---|---|
| 1 | Michael K. Friedland (SBN 157,217) |
|  | michael.friedland@knobbe.com |
| 2 | Lauren Keller Katzenellenbogen (SBN 223,370) |
|  | lauren.keller@knobbe.com |
| 3 | KNOBBE, MARTENS, OLSON & BEAR, LLP |
|  | 2040 Main Street, Fourteenth Floor |
| 4 | Irvine, CA  92614 |
|  | Telephone: (949) 760-0404; Facsimile: (949) 760-9502 |

Lawrence D. Lewis Esq. (SBN 53,985)
llewis@allenmatkins.com
Nisha Verma, Esq. (SBN 184,130)
nverma@allenmatkins.com
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
1900 Main Street, Fifth Floor
Irvine, CA 92614
Telephone: (949) 553-1313; Facsimile: (949) 553-8354

Attorneys for Plaintiffs
LA CONTAINER, INC. and STEVEN LORITZ

Daniel J. Callahan (SBN 91,490)
daniel@callahan-law.com
Robert S. Lawrence (SBN 207,099)
rlawrence@callahan-law.com
CALLAHAN & BLAINE, APLC
3 Hutton Centre Drive, Ninth Floor
Santa Ana, CA 92707
Telephone: (714) 241-4444; Facsimile: (714) 241-4445

JS-6

Attorneys for Defendants
INTERNATIONAL GOLD STAR PRODUCTS, INC. and MARK CURRIE

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA CONTAINER, INC., a California corporation, and STEVEN LORITZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL GOLD STAR PRODUCTS, INC., a California corporation, and MARK CURRIE, an individual,<br><br>Defendants. | ) Civil Action No. SACV13-1402 AG (RNBx)<br>)<br>) **STIPULATED CONSENT FINAL**<br>) **JUDGMENT AND PERMANENT**<br>) **INJUNCTION**<br>)<br>)<br>)<br>)<br>)<br>) Hon. Andrew J. Guilford<br>)<br>) |

Pursuant to the stipulation of the parties, and good cause appearing therefore, this Court hereby orders and adjudges that:

1. On September 10, 2013, Plaintiffs LA Container, Inc. and Steven Loritz (collectively "LA Container") commenced this action by filing a Complaint against International Gold Star Products, Inc. and Mark Currie (collectively "Gold Star") in the United States District Court for the Central District of California, seeking injunctive relief for trademark infringement, false designation of origin, unfair competition, and anti-cybersquatting arising out of Defendants unauthorized distribution, promotion, advertising, marketing, offer for sale and/or sale of plastic containers under the name "Squeeze Top Vials."

2. On October 8, 2013, Gold Star filed an Answer to LA Container's Complaint.

3. This Court has jurisdiction over the parties and over the causes of action asserted in this lawsuit. Venue is proper in this judicial district.

3. Plaintiff Steven Loritz is the owner of all rights, title, and interest, including common law rights, in the trademark SQUEEZE TOPS used in connection with plastic containers with a hinged lid.

3. Trademark Registration No. 4,078,415 for the trademark SQUEEZE TOPS owned by Steven Loritz is valid and enforceable.

4. Plaintiff LA Container, Inc. is the exclusive licensee of the trademark SQUEEZE TOPS in connection with plastic containers with hinged lids in the United States.

5. Gold Star will not oppose, contest, or challenge, or assist others in opposing, contesting, or challenging Plaintiffs' use and/or registration of its above referenced SQUEEZE TOPS trademark.

/ / /

/ / /

/ / /

- 1 -

6. Gold Star, and its officers, directors, principals, shareholders, agents, servants, managers, employees, attorneys, successors, assigns, and affiliated entities, ~~and all other persons~~ in active concert or participation with any of them, who receive actual notice of this Order are hereby enjoined from:

    (i) Using the mark SQUEEZE TOPS or any mark containing the words SQUEEZE TOPS, whether capitalized or not, whether one, two or more words, whether alone or in combination with any other words of any kind, however expressed, or any mark confusingly similar thereto (a) in connection with any goods or products made, imported, offered, sold, promoted, or marketed by Gold Star, (b) in advertising or promoting Gold Star or its products, and/or (c) in any manner that is likely to create the impression that Gold Star's products originate from LA Container, are endorsed by LA Container, or are connected or related in any way with LA Container;

    (ii) Manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any products bearing LA Container's SQUEEZE TOPS mark, any mark containing the words SQUEEZE TOPS, whether capitalized or not, whether one, two or more words, whether alone or in combination with any other words of any kind, however expressed, or any confusingly similar mark;

    (iii) Using the mark SQUEEZE TOPS or any mark containing the words SQUEEZE TOPS, whether capitalized or not, whether one, two or more words, whether alone or in combination with any other words of any kind, however expressed, or any mark confusingly similar thereto anywhere on, or in the

- 2 -

source data or meta data for, any website owned or operated by, or on behalf of, Gold Star, including the website www.pharmacyvials.com;

  (iv) Using the word "squeeze" in the same paragraph as either of the following words: "tops" or "top" anywhere on, or in the source data or meta data for, any website owned or operated by, or on behalf of, Gold Star, including the website www.pharmacyvials.com; and

  (v) Registering and/or using any domain name that includes the mark SQUEEZE TOPS or any mark containing the words SQUEEZE TOPS, whether capitalized or not, whether one, two or more words, whether alone or in combination with any other words of any kind, however expressed, or any mark confusingly similar thereto.

  7. Within three days of the entry of the Consent Judgment and Permanent Injunction, Gold Star shall transfer to LA Container the domain name <squeezetopvials.com> and shall perform such other acts as may be reasonably necessary for effecting the transfer of ownership and control of the domain name <squeezetopvials.com> to LA Container.

  8. This is a final judgment, and all claims and defenses asserted by and between the parties in this action are hereby dismissed with prejudice.

  9. The Court shall retain jurisdiction over the parties to enforce this Stipulated Consent Judgment and Permanent Injunction.

  10. The parties waive appeal of this Stipulated Consent Judgment and Permanent Injunction as entered or modified by the Court.

/ / /

/ / /

/ / /

11. The parties shall bear their own costs and attorneys' fees, and no further relief is granted to any party.

**IT IS SO ORDERED.**

Dated: January 6, 2013     By: _____
The Honorable Andrew J. Guilford
United States District Court Judge

16643846

- 4 -